**MARGULIES WIND**
A Professional Corporation
Harborside Financial Center
Plaza 10, 3 Second Street, Suite 1201
Jersey City, New Jersey  07311-3988
(201) 333-0400   (201) 333-1110/fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLENE D. MULDROW,<br><br>                              Plaintiff,<br><br>vs.<br><br>TATA CONSULTANCY SERVICES LIMITED (A Foreign Profit Corporation),<br><br>                              Defendant. | Civil Action No.<br><br>C I V I L   A C T I O N<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Charlene D. Muldrow, by way of Complaint against the Defendant, states as follows:

## PARTIES

1. Plaintiff, Charlene D. Muldrow, (hereinafter "Plaintiff") an African American female, resides at 336 Spencer Street, in the City of Elizabeth, in the County of Union, in the State of New Jersey.

2. Defendant, Tata Consultancy Services Limited, (hereinafter "Defendant") an Information Technology Services Corporation, headquartered in Mumbai, India, maintains an office located at 379 Thornhall Street, 11th Floor, in the Township of Edison, County of Middlesex, in the State of New Jersey.

## JURISDICTION

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 since this complaint alleges the Defendant violated 42 U.S.C. §2000(e-2) (the "Federal Statutes") and accordingly, the action raises a federal question.

4. In this action, Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, interest and other costs resulting from Defendant's alleged discrimination against Plaintiff arising under the Federal Statute as well as claims arising under the New Jersey Law Against Discrimination, N.J.S. A. 10:5-1, et seq.(the "NJLAD")

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

5. This Court has supplemental jurisdiction of the NJLAD claims in accordance with 28 *U.S.C.* §1367, because the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 *U.S.C.* §1367(a)

6. Venue is proper in this district pursuant to 28 *U.S.C.* §1391 (c) in that the claims arose in this district and the defendant corporation is subject to personal jurisdiction in this district.

## FACTS COMMON TO ALL COUNTS

7. Defendant Tata's work force in the State of New Jersey primarily consists of L1 Visa Holders. The L1 Visa is used to transfer an employee to a U.S. parent, affiliate, subsidiary, or branch office from a related foreign corporation.

8. Plaintiff, Charlene Muldrow, began full time employment with Defendant Tata on or about December 2006 as a Benefits Assistant within the Benefits and Compensation Team under the Human Resources department.

9. Throughout the course of her employment, the Plaintiff was routinely passed over for higher level job opportunities and/or never allowed the opportunity to apply for higher level positions within Defendant Tata's firm despite her superior qualifications and experience.

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

10. Throughout the course of her employment, Plaintiff was prevented from receiving full increases in salary during her annual performance evaluations.

11. Throughout Plaintiff's tenure of employment with Defendant Tata, Plaintiff was subject to racially charged insinuations of inferiority by her supervisors. Specifically, Sarah Jane MacKenzie, Vice President of Human Resources, routinely referred to Plaintiff Muldrow as "the help".

12. On or about February 2009, during an alleged reorganization of the Benefits and Compensation Team, Defendant Tata requested only African American employees to relocate to Cincinnati, Ohio while similarly situated Indian employees were offered similar job opportunities within the Edison, New Jersey office.

13. On or about March 19, 2009, Plaintiff was terminated from her employment with Defendant Tata under the pretext that her position and division were being relocated to Cincinnati, Ohio.

14. During the period of Plaintiff's employment, she observed that the Defendant Tata, an Indian Corporation, systematically planned the terminations of its American employees by hiring Indian L1 Visa Holders to be trained by the Americans with the goal of replacing their American mentors.

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

## PROCEDURAL REQUIREMENTS

15. On or about August 3, 2009, Plaintiff timely filed a Complaint with the United States Equal Employment Commission (hereinafter "EEOC") alleging racial discrimination by Defendant Tata.

16. On or about November 5, 2009, the EEOC notified Plaintiff of her right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended 42 *U.S.C.A* 2000e, *et seq*.

17. On or about November 5, 2009, the Plaintiff received a Dismissal and Notice of Rights Letter from the EEOC. (A true and accurate copy of the Right to Sue Letter is annexed). hereto as Exhibit "A".

## FIRST CAUSE OF ACTION

(Violation of 42 *U.S.C.A.* S. 2000 (e-2))

18. Plaintiff adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 17 above.

19. Defendant engaged in patterns and practices of discrimination against Plaintiff with respect to the terms, conditions and privileges of employment because of Plaintiff's race, in violation of 42 *U.S.C.A.* §2000 (e-2).

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

20. Defendant engaged in patterns and practices of discrimination against Plaintiff with respect to the terms, conditions and privileges of employment because of Plaintiff's color, in violation of 42 *U.S.C.A.* §2000 (e-2).

21. Defendant engaged in patterns and practices of discrimination against Plaintiff with respect to the terms, conditions and privileges of employment because of Plaintiff's national origin, in violation of 42 *U.S.C.A.* §2000 (e-2).

22. By the forgoing occurrences alleged in the complaint, Defendant Tata's conduct, through and by the acts of its employees, willfully, wantonly and recklessly violated the civil rights of Plaintiff.

23. By reason of the actions complained of above, particularly, but not limited to her wrongful dismissal, in addition to the ongoing deprivation of Plaintiff's civil rights, the Plaintiff has suffered damages, including loss of employment, loss of income, emotional distress and other monetary damages.

**WHEREFORE**, Plaintiff, Charlene D. Muldrow, demands judgment against Defendant Tata Consultancy Services Limited, awarding:

(a) Compensatory Damages;

(b) Punitive Damages;

(c) Interest;

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

(d)  Costs of Suit;

(e)  Reasonable Attorneys' Fees; and

(f)  Such other and further relief as this court may deem just and proper.

## SECOND CAUSE OF ACTION

### (New Jersey Law Against Discrimination)

24. Plaintiff adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above.

25. By all of the aforementioned acts alleged in the complaint, Defendant Tata has violated Plaintiff's rights under the *New Jersey Law Against Discrimination N.J.S.A.* 10:5-1 *et seq.* by engaging in a pervasive and egregious pattern of racial discrimination creating a hostile work environment for Plaintiff and has denied Plaintiff her civil rights under said statute.

26. Defendant engaged in unlawful discrimination against Plaintiff, on the basis of national origin and/or nationality, in violation of the *New Jersey Law Against Discrimination, N.J.S.A.* 10:5-1, *et seq.*

27. By the forgoing occurrences alleged in the complaint, Defendant Tata's conduct, through and by the acts of its employees, willfully, wantonly and recklessly violated the civil rights of Plaintiff.

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

28. By reason of the actions complained of above, particularly, but not limited to her wrongful dismissal, in addition to the ongoing deprivation of Plaintiff's civil rights, the Plaintiff has suffered damages, including loss of employment, loss of income, emotional distress and other monetary damages.

**WHEREFORE**, Plaintiff, Charlene D. Muldrow, demands judgment against Defendant Tata Consultancy Services Limited, awarding:

(a) Compensatory Damages;

(b) Punitive Damages;

(c) Interest;

(d) Costs of Suit;

(e) Reasonable Attorneys' Fees; and

(f) Such other and further relief as this court may deem just and proper.

**MARGULIES WIND**
A Professional Corporation
Attorneys for Plaintiff

Dated: February 2, 2010

BY: ROBERT E. MARGULIES

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

                                                         **MARGULIES WIND**
                                                         A Professional Corporation
                                                         Attorneys for Plaintiff

Dated: February 2, 2010

                                                         BY: ROBERT E. MARGULIES

MARGULIES WIND
HARBORSIDE FINANCIAL CENTER
PLAZA 10, 3 SECOND STREET, SUITE 1201
JERSEY CITY, NEW JERSEY 07311-3988
(201) 333-0400

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Charlene D. Muldrow
336 Spencer Street
Elizabeth, NJ 07202

From: Newark Area Office
1 Newark Center
21st Floor
Newark, NJ 07102

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 524-2009-00909
EEOC Representative: Amparo Soto, Enforcement Supervisor
Telephone No.: (973) 645-6021

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Corrado Gigante, Director

NOV 0 5 2009
(Date Mailed)

Enclosures(s)

cc: Surya Kant
President
TATA CONSULTANCY SERVICES, LTD
379 Thornall Street
4th Floor
Edison, NJ 08837

Satyanarayan S. Hegde
Senior Vice President & General Counsel
TATA Consultancy Services
101 Park Avenue 26th Fl
New York, NY 10178

EXHIBIT A